## CIRCUIT COURT OF THE CITY OF RICHMOND

Central Fidelity Bank

v.

Joseph Sherwin Johnson

February 11, 1988

Case No. N 5027-2

By JUDGE ROBERT L. HARRIS, SR.

Joseph Sherwin Johnson (Johnson) and Julia Hermabessiere Johnson (Testator) were married in June of 1976, and this was a second marriage for both Johnson and Testator. On September 1, 1977, they executed a postmarital agreement (agreement). The agreement provides in effect that the parties waive their right to take against or renounce any Last Will and Testament of the other. Testator executed her will on September 23, 1985, eight years after signing the agreement. By her will, Johnson received substantially less than he would be allowed pursuant to his statutory marital rights. Testator died on July 6, 1986, in the City of Richmond, and the will was probated on July 15, 1986.

On April 14, 1987, Johnson renounced this will and claimed his family allowance and exempt property as provided by statutes §§ 64.1-13, 64.1-151.1 and 64.1-151.2 of the Code of Virginia.

On June 19, 1987, Complainant, Central Fidelity Bank as Executor and Trustee under Testator's will, filed a Bill of Complaint asking the court for aid and guidance in determining whether Testator's estate should be administered in accordance with her will or whether Johnson's renunciation of the will and Election to Take Family Allowance and Exempt Property is valid and enforceable. Testa-

tor's heirs, who were named as party defendants in the Bill of Complaint, assert that the postmarital contract is valid, and therefore Johnson's attempt to renounce Testator's will is of no legal effect.

Testator's heirs maintain that Va. Code Ann. § 20-155 (Supp. 1987) controls postmarital agreements. The statute provides:

> Married persons may enter into agreements with each other for the purpose of settling the rights and obligations of either or both of them, and subject to the same conditions, as provided in §§ 20-147 through 20-154 for agreements between prospective spouses, except that such marital agreements shall become effective immediately upon their execution.

Thus, Va. Code Ann. § 20-154 (Supp. 1987) also applies to postmarital agreements and provides: "All written agreements entered into prior to the enactment of this chapter between prospective spouses for the purpose of affecting any of the subjects specified in § 20-150 shall be valid and enforceable if otherwise valid as contracts."

On November 6, 1987, the parties stipulated that the postmarital agreement is a valid contract, and Testator's heirs assert that because of §§ 20-154 and 20-155 of the Virginia Code and this stipulation, Johnson's claim is defeated. However, Johnson claims that notwithstanding the validity of the contract, it cannot be enforced against Johnson to preclude his renunciation of his wife's will, his claim to curtesy, and his election for family allowance.

Johnson cites Va. Code Ann. § 55-40 (1986 Repl. Vol.) and the case of *Powell v. Tilson*, for the proposition that a spouse cannot transfer dower (or curtesy) rights by deed or postmarital contract. In *Tilson*, Mr. and Mrs. Tilson entered into a written postmarital contract on May 14, 1914. The contract provided that each would relinquish marital rights and Mrs. Tilson agreed to make no dower claim. Mr. Tilson orally promised that he would not make any claim against Mrs. Tilson's property. However, after Mrs. Tilson's death, Mr. Tilson did make a claim against her property, and one of Mrs. Tilson's heirs

attempted to prove that Mr. Tilson's relinquishment of his contingent right to curtesy was valid. The court in *Tilson* held that Mrs. Tilson could not convey a contingent right of dower to any person (including her husband) while her husband owned the real estate in question. *Powell v. Tilson*, 161 Va. 318, 170 S.E. 750 (1934).

This court notes that although the *Tilson* case refers to § 5134, Code of Virginia 1919, that section was re-enacted verbatim in Va. Code Ann. § 55-40 (1986 Repl. Vol.). Thus, the court recognizes that *Tilson* is good law, and, the case sets out how dower and curtesy can be relinquished and conveyed between spouses.

In 1986, the General Assembly enacted Va. Code Ann. Section 20-154 (Supp. 1987), which states that premarital agreements are valid if valid as contracts. In 1987, the General Assembly extended this provision to include postmarital agreements. The effect of § 20-154 is that if an agreement was entered into prior to enactment of this chapter between prospective spouses and was a valid contract, then it would be enforceable. The following session of the General Assembly made that provision applicable to married people except that the agreement would become effective immediately upon execution. Section 20-155 is also retroactively applied. In the case at bar, the parties stipulated that the postmarital agreement is a valid contract and thus the postmarital agreement would appear to be binding according to §§ 20-147 through 20-155.

This court has reviewed the *Tilson* case and Va. Code Ann. § 55-40. *Tilson* has not been overruled nor has § 55-40 been repealed. However, the net effect of Va. Code Ann. Sections 20-154 and 20-155 (Supp. 1987), repeals the impact of *Tilson* and Va. Code Ann. § 55-40 (1986 Repl. Vol.) so far as the factual situation before us is concerned.

Therefore, this court is of the opinion that the postmarital agreement entered into between Johnson and the testator is a valid agreement and should be upheld. Mr. Johnson will only be entitled to what Testator's will provides for him.

The court is also of the opinion that Central Fidelity Bank, as Executor and Trustee, should be reimbursed for its expenses and a reasonable attorney's fee out of the estate assets.